IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KORRY D. PITTS,<br>　　　　　　Plaintiff,<br><br>　　　v<br><br>BANK OF AMERICA CORPORATION,<br>　　　　　　Defendant. | )<br>)<br>)<br>)　2:10-cv-1463<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is DEFENDANT FIA CARD SERVICES, N.A.'S MOTION TO DISMISS (Document No. 7). Defendant has filed a Memorandum in Support of the motion and Plaintiff has filed a brief in opposition. Plaintiff has also filed an Affidavit (Document No. 10).

Factual and Procedural Background

Defendant FIA Card Services, N.A. contends that it is incorrectly named as Bank of America Corporation. Plaintiff Korry D. Pitts ("Pitts") has no knowledge of FIA and continues to allege his claim against Bank of America. For convenience, and without making a finding as to the correct corporate name, the Court will refer to Defendant as "the Bank."

Plaintiff filed his Complaint on October 6, 2010 in the Court of Common Pleas of Allegheny County, Pennsylvania. Briefly summarized, Pitts alleges that a corporation, Wheel Emporium, Inc., opened a corporate account with Bank of America, but that he did not execute any personal guaranty or other document which would have made him personally liable for the payment of the corporate account. The Complaint alleges that the Bank nevertheless attempted to collect Wheel Emporium's debt from Plaintiff individually. The Bank allegedly reported

Wheel Emporium's debt to credit reporting agencies as if the debt was Pitts' personal liability and advised the credit reporting agencies that the account was delinquent.

Paragraph 8 of the Complaint alleges that "Defendant did intentionally or negligently misrepresent the ownership of the corporate account when it reported the delinquency to the credit reporting agencies." Paragraph 9 alleges that "Defendant's actions were fraudulent." Plaintiff alleges that he sustained damages as a result of the Bank's actions and he seeks consequential damages in excess of $25,000 plus punitive damages and attorney's fees and costs.

On November 2, 2010, the Bank filed a timely Notice of Removal to this Court. As the sole ground for removal, the Bank alleged that this Court could exercise "federal question" jurisdiction because Plaintiff was asserting a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Plaintiff did not file a response to the Notice of Removal. On December 2, 2010, the Bank filed the pending Motion to Dismiss, in which it contends that Plaintiff has failed to allege all of the elements of a FCRA claim.

On December 20, 2010, Pitts executed an Affidavit. In essence, Pitts avers that the Bank intentionally and/or negligently misrepresented the ownership of the Wheel Emporium account when it reported the delinquency to the credit reporting agencies as his personal debt. Pitts explains that the credit reporting agencies have now suppressed or removed the listing of the Wheel Emporium debt from his credit report. In Plaintiff's brief in opposition to the Motion to Dismiss, he explains that he is not asserting a claim under the FCRA because the credit reporting agencies have removed the inappropriate information. Plaintiff further explains that the Complaint asserts claims for intentional and/or negligent misrepresentation and fraud.

Legal Analysis

Although Plaintiff has not challenged the Notice of Removal, the Court has a non-delegable duty to ensure that it may properly exercise subject-matter jurisdiction. The Court's jurisdiction in this case is predicated upon the removal statute, 28 U.S.C. § 1441.

In *Spectacor Management Group v. Brown*, 131 F.3d 120 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit explained that Congress intended to limit removal. *Id.* at 125-26 (citing *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 107-109 (1941)). In *Shamrock*, the Supreme Court "reasoned that removal was statutory and not constitutional, and that removal jurisdiction must, therefore, be narrowly construed in favor of the non-removing party to prevent, inter alia, encroachment on the right of state courts to decide cases properly before them." *Id*. Accordingly, removal statutes are to be strictly construed against removal, with all doubts resolved in favor of remand to the state court. *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). The party asserting jurisdiction (in this case, the Bank) bears the burden of establishing that the action is properly before the court. *Samuel-Basselt v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

The Court determines whether a claim arises under federal law by examining the allegations set forth in the Complaint. *Wood v. Prudential Ins. Co. of America*, 207 F.3d 674, 678 (3d Cir. 2000). Under the old adage, Pitts is the "master of his complaint." In this case, Plaintiff has clearly and unambiguously represented that he is <u>not</u> attempting to assert a federal question claim under the FCRA. Moreover, close scrutiny of the Complaint confirms that Pitts' allegations are grounded in misrepresentation and fraud, which are quintessential state law claims. Accordingly, remand appears to be in order.

There is one remaining consideration. In *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987), the Supreme Court recognized "complete preemption" as a basis for removal of a Complaint that purportedly asserts only state law claims. In other words, Congress may so completely preempt an area of law that any complaint touching on that area of law must necessarily raise a "federal question." The FCRA, 15 U.S.C. § 1681t(b)(1)(F), states: "No requirement or prohibition may be imposed under the laws of any State-- (1) with respect to any subject matter regulated under-- . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." Section 1681s-2, in turn, states: "A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." This would appear to broadly preempt state law claims, such as the claim asserted by Pitts. However, also relevant is the original, less-expansive preemption provision of the FCRA, 15 U.S.C. 1681h(e), which provides:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of **defamation, invasion of privacy, or negligence** with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report **except as to false information furnished with malice or willful intent to injure such consumer**.

(Emphasis added). In *Manno v. American General Finance Co.*, 439 F.Supp.2d 418 (E.D. Pa. 2006), the Court reconciled these somewhat contradictory statutory provisions by concluding that § 1681t(b)(1)(F) preempts only state statutory claims, such that plaintiffs remain able to pursue state common law claims. In reaching this conclusion, the *Manno* Court recognized two other possible interpretations: (1) the "total preemption" approach, by which § 1681h(e) would

4

be repealed by implication and rendered superfluous; and (2) the "temporal" approach, which would consider whether the cause of action arose before or after the furnisher of credit information received notice of a consumer dispute.

*Manno* appears to represent the majority view and its analysis is thorough and persuasive. However, this Court need not finally resolve the precise contours of the preemption issue. As noted above, it is the Bank's burden to demonstrate that removal and jurisdiction is proper in this Court. It has failed to do so. Although Plaintiff raised the preemption doctrine *sua sponte* and discussed it at length, the Bank has failed to respond to Plaintiff's argument. Accordingly, the Court resolves its doubt as to whether or not there is a "federal question" in favor of remand.

Moreover, as a practical matter, it is clear that the case could not go forward in this Court. Plaintiff concedes that he has not set forth a valid FCRA claim. If the "total preemption" approach is correct, Pitts' Complaint must be dismissed for failure to state a valid claim. The only potentially viable claims of Plaintiff arise under Pennsylvania common law. In sum, the Court concludes that this Complaint, which asserts claims of fraud and misrepresentation under Pennsylvania common law, should be remanded to the Pennsylvania state court. The Bank has failed to demonstrate that this Court may properly exercise jurisdiction over this case.[1]

In accordance with the foregoing, the clerk will be directed to remand this case to the Court of Common Pleas of Allegheny County, Pennsylvania forthwith. DEFENDANT FIA CARD SERVICES, N.A.'S MOTION TO DISMISS (Document No. 7) will be **DENIED WITHOUT PREJUDICE AS MOOT**.

An appropriate Order follows.

McVerry, J.

---

[1] The Complaint alleges that the parties are citizens of different states. However, the Bank did not assert diversity jurisdiction as a basis for removal. Nor has the Bank demonstrated that the dispute exceeds the jurisdictional threshold of $75,000.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KORRY D. PITTS,** </br>    **Plaintiff,** </br> </br>    v </br> </br>**BANK OF AMERICA CORPORATION,** </br>    **Defendant.** | 2:10-cv-1463 |

## ORDER OF COURT

AND NOW, this 28th day of December, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the clerk shall **REMAND** this case to the Court of Common Pleas of Allegheny County, Pennsylvania forthwith. DEFENDANT FIA CARD SERVICES, N.A.'S MOTION TO DISMISS (Document No. 7) is **DENIED WITHOUT PREJUDICE AS MOOT**. The clerk shall docket this case closed.

                       BY THE COURT:

                       s/Terrence F. McVerry
                       United States District Judge

cc:  **Thomas M. Castello, Esquire**
    Email: tcastello@aol.com

    **Justin J. Kontul, Esquire**
    Email: jkontul@reedsmith.com

    **Joe N. Nguyen, Esquire**
    Email: jnguyen@reedsmith.com