# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KORRY D. PITTS,<br>          Plaintiff,<br><br>          v.<br><br>BANK OF AMERICA CORPORATION,<br>          Defendant. | )<br>)<br>)<br>)   2:10-cv-1463<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Pending before the Court is DEFENDANT FIA CARD SERVICES, N.A.'S MOTION FOR RECONSIDERATION (Document No. 13), with Memorandum in Support. The motion will be resolved without the necessity of a response from Plaintiff.

Factual and Procedural Background

On December 28, 2010, the Court issued a Memorandum Opinion and Order ("Opinion") which *sua sponte* remanded this case to the Court of Common Pleas of Allegheny County, Pennsylvania due to lack of subject-matter jurisdiction. Upon receipt of the Opinion, Counsel for Defendant ("the Bank") orally informed the Court that the Bank had intended to file a reply brief that same day. Accordingly, the Court withheld execution of the remand order to enable Defendant to submit the pending "motion for reconsideration."

The gravamen of this case is that the Bank allegedly reported a delinquent corporate debt to credit reporting agencies as if the debt was a personal liability of Plaintiff Korry D. Pitts. The factual and procedural background is set forth in the Opinion and will not be repeated in full. Briefly summarized, Plaintiff initiated this case in the Court of Common Pleas of Allegheny County, Pennsylvania and Defendant filed a timely Notice of Removal premised on "federal

1

question" jurisdiction. The Bank contends that Plaintiff's claim, although facially based on fraud and misrepresentation, actually arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), a federal statute. Defendant further contends that the Complaint should be dismissed with prejudice because Plaintiff has failed to allege all of the elements of a FCRA claim. Plaintiff agrees that he has no valid FCRA claim and explains that he is alleging intentional and/or negligent misrepresentation and fraud under Pennsylvania common law.

Legal Analysis

As explained in the Opinion, the Court has a non-delegable duty to ensure that it may properly exercise subject-matter jurisdiction. The removal statute, 28 U.S.C. § 1441, is to be strictly construed against removal, with all doubts resolved in favor of remand to the state court. *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). The party asserting jurisdiction (in this case, the Bank) bears the burden of establishing that the action is properly before the court. *Samuel-Basselt v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

The Complaint, on its face, is grounded in misrepresentation and fraud, which are quintessential state common law claims, and Plaintiff disavows the existence of any federal claim. Accordingly, remand appears to be in order. However, there is an interesting question as to whether this Court may exercise subject-matter jurisdiction based on "complete preemption," as recognized in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Both parties have now presented their positions regarding the "preemption" issue.

The Court's Opinion recognized the unsettled landscape of the law regarding the extent to which the FCRA preempts state law claims. The Opinion quoted the applicable statutory

language,[1] and acknowledged the three interpretive approaches, as summarized in *Manno v. American General Finance Co.*, 439 F.Supp.2d 418 (E.D. Pa. 2006): (1) the "statutory" preemption approach, in which plaintiffs remain able to pursue state common law claims; (2) the "total preemption" approach; and (3) the "temporal" approach, which would consider whether the cause of action arose before or after the furnisher of credit information received notice of a consumer dispute. The Bank's motion for reconsideration relies heavily on two recent, non-precedential decisions of the United States District Court for the District of New Jersey, *Burrell v. DFS Services, LLC*, 2010 WL 4926704 (D.N.J. December 6, 2010), and *Cosmas v. American Exp. Centurion Bank*, 2010 WL 4961641(D.N.J. December 1, 2010), which adopted the "total preemption" approach. The Court was aware of and had considered these decisions when it issued its Opinion. Moreover, the Court acknowledged that on its face, § 1681t(b)(1)(F) appears to preempt Pitts' claim. Nevertheless, the Court adheres to its conclusion that *Manno* appears to represent the majority view. As the Bank has recognized, the scope of the FCRA preemption is unsettled, and the Court resolves its doubt as to "federal question" removal jurisdiction in favor of remand, particularly as it is undisputed that no federal claim exists.

---

[1] The FCRA, 15 U.S.C. § 1681t(b)(1)(F), states: "No requirement or prohibition may be imposed under the laws of any State-- (1) with respect to any subject matter regulated under-- . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." Section 1681s-2, in turn, states: "A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." The original, less-expansive preemption provision of the FCRA, 15 U.S.C. 1681h(e), provides (emphasis added):

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of **defamation, invasion of privacy, or negligence** with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report **except as to false information furnished with malice or willful intent to injure such consumer**.

In sum, the Court concludes that this Complaint, which asserts claims of fraud and misrepresentation under Pennsylvania common law, should be remanded to the Pennsylvania state court. The Bank has failed to demonstrate that this Court may properly exercise removal jurisdiction over this case. Thus, the Court does not reach the question of whether Plaintiff has stated valid misrepresentation and/or fraud claims. Defendant remains able to present its "total preemption" theory to the state court. Indeed, in *Citibank (South Dakota) N.A. v. Strunk*, 2010 WL 2914573 (Pa. Ct. Com. Pl. 2010), a Pennsylvania state court recently addressed the very similar issue of whether the FCRA preempted a defamation claim. The *Strunk* Court adopted the "statutory" preemption approach and explained: "this interpretation sensibly "allow[s] for state-law torts to serve as a backstop to the FCRA enforcement scheme, only permitting prosecution of the most egregious violations of civil society." *Id*. (citations omitted). In any event, it is clear that Plaintiff has not asserted a "federal question" claim and this case properly belongs in the state court.

In accordance with the foregoing, the Court adheres to its Opinion and the clerk is directed to **REMAND** this case to the Court of Common Pleas of Allegheny County, Pennsylvania forthwith. DEFENDANT FIA CARD SERVICES, N.A.'S MOTION FOR RECONSIDERATION (Document No. 13) is **DENIED**.

SO ORDERED this 29th day of December, 2010.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge


cc: **Thomas M. Castello, Esquire**
Email: tcastello@aol.com

**Justin J. Kontul, Esquire**
Email: jkontul@reedsmith.com

**Joe N. Nguyen, Esquire**
Email: jnguyen@reedsmith.com